Exhibit "B"

STATE OF FLORIDA
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION
DIVISION OF FLORIDA CONDOMINIUMS, TIMESHARES AND MOBILE HOMES

IN RE: PETITION FOR ARBITRATION

SAMANTHA GAMERO, SHERRI FERRAND,
JACOB ACHTERBERG and THOMAS FAGAN,

        Petitioners,

v.

GALT OCEAN MANOR
CONDOMINIUM ASSOCIATION, INC.,

        Respondent.

Filed with Arbitration Section Case No. 2016-02-6494

OCT 11 2016

Div. of FL Condos, Timeshares & MH
Dept. of Business & Professional Reg

## SUMMARY FINAL ORDER

### Statement of the Issue

Shall Galt Ocean Manor Condominium Association, Inc. (the Association) be required to redo its April 5, 2016 annual election for errors committed with the notice for and conduct of its annual meeting and election?

### Relevant Procedural History

On June 2, 2016, Samantha Gamero, Sherri Ferrand, Jacob Achterberg and Thomas Fagan (Petitioners) filed a petition for arbitration naming the Association as Respondent. On July 21, 2016, the Association filed an Answer. On July 22, 2016, Petitioners filed a reply. On August 31, 2016, each party submitted a legal memorandum. This Order is entered after the arbitrator has considered the pleadings and the documents filed by the parties.

### Findings of Fact

1. The Association is the legal entity responsible for the maintenance and operation of Galt Ocean Manor, a Condominium.

2. Petitioners are the owners of residential units within the condominium and are members of the condominium association.

3. Article IV of the Association's Declaration of Condominium states:

> There will be one person with respect to each Unit who will be entitled to vote at any meeting of Owners. If a Unit is owned by more than one person, the Owners of said Unit will designate one of them as the Voting Member or, in the case of a corporate Owner, an officer or employee thereof will be the Voting Member. Developer, as Owner of unsold Units, will be entitled to one vote for each Unit owned. The designation of the Voting Member will be made as provided by and subject to the provisions and restrictions set forth in the Bylaws.
>
> Each Unit (except for Cabana Units) will be entitled to one vote. The vote of a Unit is not divisible.
>
> Presently, there are 17 Commercial Units and 21 Cabana Units. Each Commercial Unit, as well as each of the Residential Units, will be entitled to one vote. Cabana Units will be entitled to a one-half vote. <u>However, it should be noted that Owners of Commercial Units will, at all times, elect 20 percent of the Board and Owners of Residential and Cabana Units will elect 80 percent of the Board.</u> In the future, if any one or more of these Units is combined, the combined Unit will be entitled to the total vote for each of the combined Units.

(Emphasis supplied).

4. Article IV, Section 1 of the Association's Bylaws states:

> Section 1. Number, Term, and Qualification, The affairs of the Corporation will be governed by a Board composed of not less than three, nor more than fifteen persons, as is determined from time to time by the Members. However, at all times, <u>Owners of Commercial Units will elect 20 percent of the Board and Owners of Residential Units and Cabana Units will elect 80 percent of the Board</u>. The number of Directors will be increased or decreased so as to accomplish "full" Directors for the Commercial Unit Owners. Developer will be entitled to vote for the election of Directors or upon any other matter on which Owners vote, for however long it is the Owner of any type of Unit. All Directors will be Members provided, however, any Directors designated by Developer need not be Members. <u>All officers of a corporate Owner will be deemed to be Members so as to qualify to be Directors</u>. Directors will be elected by Voting Members at the Annual Meeting. The term of each Director's service will extend until the next Annual Meeting, and thereafter until his successor is duly elected and qualified, or until he is removed in the manner provided in Section 3 below.

(Emphasis supplied).

5. Currently, the Association has five (5) directors. On April 5, 2016, the Association held its annual meeting and election.

6. Petitioners allege that the election was not properly conducted. Among their allegations are that voting certificates were improper, the form of the ballot did not comply with the Florida Administrative Code, improper suspensions of voting rights and Frank Talerico should not have been included on the ballot because the corporate entity he represents was delinquent in a monetary obligation to the Association. It is unnecessary to determine whether the voting rights suspensions were valid.[1]

---

[1] As stated in *One Farrell Park Condo. Ass'n, Inc. v. Unit Owners Voting Recall*, Arb. Case No. 2013-02-6252, Summary Final Order (October 22, 2013):

> If an owner was more than 90 days delinquent in the payment of his monetary obligations to an association, it was not until July 1, 2010, that the legislature gave an association the authority to suspend the delinquent owner's "use rights" and his "voting rights". See Laws, c. 2010-174 § 16, eff. July 1, 2010. [footnote omitted]
>
> Prior to July 1, 2010, arbitration case law held that the Condominium Act, Chapter 718, et. seq., Florida Statutes, having derived entirely from statutory roots, outlines exclusively what authority associations can exercise over their membership. Suspensions of use and voting rights were two such actions an association could not take until section 718.303(3) was amended as described below [footnote omitted]. *See, Ludwig v Tudor Cay Condominium Association, Inc.*, Arb. Case No. 2003-06-5896, Final Order on Motion for Rehearing (February 17, 2004)(the statute (Chapter 718) does not provide that the association may disenfranchise an owner for failure to pay a fine or assessment.); *Lincolnwood Towers Condominium Association, Inc., v. Unit Owners Voting for Recall*, Arb. Case No. 99-2047, Summary Final Order (November 18, 1999) (condominiums are creatures of statute and are thus only permitted to exercise those powers provided by statute). Nowhere does the statute permit an association to deny an owner the right to vote or to hold office due to an alleged arrearage in the payment of assessments. *Alan v. Boca, Cove Home Condominium Association, Inc.*, Arb. Case No. 92-0263, Order Enlarging Previous Order dismissing Counterclaim for Libel, Slander and Conspiracy to Libel for Lack of Jurisdiction (March 1, 1993). The validity of that portion of the Declaration, which purports to permit the board to suspend the voting rights and use of the common elements for violations of board rules, is suspect; the Act specifies those remedies available to an association seeking to enforce its rules and regulations; other remedies not specified are not authorized by the Legislature, particularly where, as here, the association seeks to impair fundamental rights.) If the Association's authority is limited to that which existed in the Condominium Act as of 1989, the Association would still not have the authority to suspend any members' voting rights for any reason.

7.  The Talerico Family Limited Partnership (Limited Partnership) owns 13 commercial units, eight (8) cabanas and one (1) residential unit. Frank Talerico is the managing partner and only officer for the Limited Partnership according to the Florida Department of State, Division of Corporations' website.

8.  TFA Manor, LLC (TFA) owns four (4) commercial units. Frank Talerico and Anne Talerico are manager members and the only officers for TFA according to the Florida Department of State, Division of Corporation's website.

9.  The TFA Family Limited Partnership (Partnership) owns 24 residential units. Frank Talerico and Anne Talerico are the general partners and only officers for TFA according to the Florida Department of State, Division of Corporation's website.

10. Frank Talerico owns five (5) residential units individually and Anne Talerico owns one (1) residential unit individually.

11. The Association admits that Frank Talerico, Anne Talerico, the Limited Partnership, TFA, and the Partnership were delinquent in a monetary obligation to the Association on March 8, 2016 (date notice of intent to be a candidate was due), April 5, 2016 (date of the election) and were not current as of September 12, 2016.

12. The candidates' surnames on the ballot were not separated by the class voting structure and the commercial units were allowed to vote all seats on the board. Additionally, the candidates' surnames were not in alphabetical order and the incumbents were identified.

### Conclusions of Law

Rule 61B-45.030, Florida Administrative Code, requires entry of a summary final order when no disputed issues of material fact have been raised by the pleadings. Petitioners allege that the ballot was improper and therefore a new election is needed.

The Association admits error with the ballot, but states the errors are not enough to require a new election.

> Rule 61B-23.0021(9)(a), Florida Administrative Code, states:
>
> (9)(a) The ballot <u>shall indicate in alphabetical order by surname</u> each and every unit owner or other eligible person who desires to be a candidate for the board of administration, and who gave written notice to the association not less than 40 days before a scheduled election, unless such person has withdrawn his candidacy in writing prior to the mailing of the ballot. The failure of the ballot to indicate the name of each eligible person shall require the association to mail, transmit, or deliver an amended second notice within the time required by this rule, which shall explain the need for the amended notice and include a revised ballot with the names of all eligible persons. <u>If an amended second notice cannot be timely mailed, transmitted or delivered, then the association must re-notice and reschedule the election following the procedures as set forth in subsection (8) of this rule.</u> If the election has already occurred, the election is deemed void and the association must renotice the election following the procedures as set forth in subsection (8) of this rule. <u>No ballot shall indicate which candidates are incumbents on the board</u>. No write-in candidates shall be permitted. No ballot shall provide a space for the signature of or any other means of identifying a voter. Except where all voting interests in a condominium are not entitled to one whole vote (fractional voting), or where all voting interests are not entitled to vote for every candidate (class voting), all ballot forms utilized by a condominium association, whether those mailed to voters or those cast at a meeting, shall be uniform in color and appearance. In the case of fractional voting, all ballot forms utilized for each fractional vote shall be uniform in color and appearance. <u>And in class voting situations, within each separate class of voting interests all ballot forms shall be uniform in color and appearance.</u>

(Emphasis supplied). The ballot was clearly deficient in that the candidates' surnames were not in alphabetical order, the incumbents were identified and the different classes were not separated. The mere fact that commercial owners were allowed to vote for the residential seats make this election void, and a new election must be required. The Association shall be required to re-notice the election from the second notice of election and comply with Rules 61B-23.0021(8) and (9), Florida Administrative Code.

Additionally, Section 718.112 (2)(d)2., Florida Statutes states in pertinent part:

> A person who has been suspended or removed by the division under this chapter, or who is <u>delinquent in the payment of any monetary obligation due to the association,</u> is not eligible to be a candidate for board membership and may not be listed on the ballot.

(Emphasis supplied). Pursuant to Article IV, Section 1, of the Association's Bylaws, only Frank Talerico and Anne Talerico are eligible to run for the commercial unit's seat. However, neither is eligible to be a candidate under Section 718.112(2)(d)2., Florida Statutes.[2] Until all of their monetary obligations become current, Frank Talerico and Anne Talerico are ineligible to serve on the board. The residential unit owners and cabana unit owners shall elect their four directors from the remaining eight candidates who timely submitted notices of intent to run for election.

Lastly, Petitioners requested that the arbitrator order the Association to hire an election monitor. The arbitrator does not have the authority to grant this relief. Petitioners may seek an appointment of an election monitor pursuant to Section 718.5012(10), Florida Statutes.

Based upon the foregoing, it is **ORDERED**:

1. Petitioners' requested relief for a new election is **GRANTED.**

2. The results of the April 5, 2016 election are void and the holders of the four contested seats are those who filled the seats immediately before the April 5, 2016 annual meeting and election, assuming they are otherwise qualified and wish to continue to serve.

3. No later than October 25, 2016, the Association shall mail or deliver to all the eligible voters an amended second notice of election, including the same candidates who qualified for the scheduled April 5, 2016 election, without mailing a first notice of

---

[2] If all the commercial unit owners and the directors of corporate owners of commercial units are ineligible or do not wish to serve, the seat would remain vacant until a willing eligible commercial unit owner member was available.

election.[3] Only ballots provided with the amended second notice of election shall be counted.

4. The amended second notice of election shall include the following statement with the second notice of election, which statement shall be printed in bold, all capital letters, size 12 font, in a format identical to the following, including line spacing:

**IN ORDER TO COMPLY WITH THE OCTOBER 5, 2016, SUMMARY FINAL ORDER ENTERED BY THE ARBITRATION SECTION OF THE DIVISION CONDOMINIUMS, TIMESHARES AND MOBILE HOMES, FLORIDA DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, AN AMENDED SECOND NOTICE OF ELECTION IS REQUIRED DUE TO A VIOLATION OF RULE 61B-23.0021, FLORIDA ADMINISTRATIVE CODE, IN THE ORIGINAL SECOND NOTICE OF ELECTION DATED MARCH 8, 2016. THE SUMMARY FINAL ORDER IS AVIALABLE FROM THE ASSOCIATION OR BY CALLING THE ARBITRATION SECTION AT 850-414-6867. PLEASE CAREFULLY REVIEW THE AMENDED SECOND NOTICE OF ELECTION AND INSTRUCTIONS BEFORE CASTING YOUR BALLOT(S). ALL PREVIOUSLY SUBMITTED BALLOTS WILL BE DISREGARDED AND ONLY BALLOTS PROVIDED WITH THIS AMENDED SECOND NOTICE OF ELECTION WILL BE COUNTED.**

5. The amended second notice of election and its attachments shall fully comply with Section 718.112(2)(d), Florida Statutes, Rule 61B-23.0021, Florida Administrative Code, and the applicable provisions of the governing documents of the Association that are not in conflict with the statute and the rule.

---

[3] If the candidate is currently ineligible to run, his/her name may be excluded.

DONE AND ORDERED this 11th day of October, 2016, at Tallahassee, Leon County, Florida.

Terri Leigh Jones, Arbitrator
Department of Business and
Professional Regulation
Arbitration Section
2601 Blair Stone Road
Tallahassee, Florida 32399-1030
Telephone (850) 414-6867
Fax (850) 487-0870

### Trial *de novo* and Attorney's Fees

This decision shall be binding on the parties unless a complaint for trial *de novo* is filed in accordance with section 718.1255, Florida Statutes. As provided by section 718.1255, Florida Statutes, the prevailing party in this proceeding is entitled to have the other party pay reasonable costs and attorney's fees. Any such request must be filed in accordance with Fla. Admin. Code R. 61B-45.048.

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing final order has been sent by U.S. Mail and facsimile to the following persons on this 11th day of October, 2016:

Howard J. Perl, Esq.
Becker & Poliakoff, P.A.
1 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Fax: 954-985-4176
Attorney for Petitioner

Debra P. Rochlin, Esq.
900 South Andrews Ave.
Fort Lauderdale, FL 33316
Fax: 954-832-0303
Attorney for Respondent

Terri Leigh Jones, Arbitrator