Exhibit "C"

Filing # 48085620 E-Filed 10/25/2016 05:37:06 PM

### IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

LEONARD KOPPELMAN

    Plaintiff,

vs.

GALT OCEAN MANOR CONDOMINIUM ASSOCIATION, INC., et al.,

    Defendants.

CASE NO.: CACE-15-010445
DIVISION: 18

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

Plaintiff, LEONARD KOPPELMAN, ("Koppelman") by and through his undersigned counsel, submits his Response to Ocean Manor's Motion to Compel Plaintiff Leonard Koppelman's Responses to First Set of Interrogatories and Request for Production ("Ocean Manor's Motion") and states the following:

1. On or about August 26, 2016, Defendant Galt Ocean Manor Condominium Assoc., Inc., ("Ocean Manor" or the "Association") served Koppelman with its Request for Production and its First Set of Interrogatories.

2. Subsequently, on or about October 11, 2016, the Florida Department of Business and Professional Regulation Division of Florida Condominiums, Timeshares and Mobile Homes issued a Summary Final Order that directly impacts this case. A true and correct copy of this order is attached hereto as Exhibit A.

3. The Summary Final Order concluded that Ocean Manor's April 5, 2016, election was void, ordered that a new election be held, and stated the manner in which it is to be held.

4. As a consequence of the Summary Final Order's voidance of the April 5, 2016, election results, Ocean Manor's filings before this Court are null and void.

## The Summary Final Order

5.  The Summary Final Order made the following findings of fact regarding Ocean Manor's Declaration of Condominium:

> Article IV of the Association's Declaration of Condominium states:
>
> There will be one person with respect to each Unit who will be entitled to vote at any meeting of Owners. If a Unit is owned by more than one person, the Owners of said Unit will designate one of them as the Voting Member or, in the case of a corporate Owner, an officer or employee thereof will be the Voting Member. Developer, as Owner of unsold Units, will be entitled to one vote for each Unit owned. The designation of the Voting Member will be made as provided by and subject to the provisions and restrictions set forth in the Bylaws.
>
> Each Unit (except for Cabana Units) will be entitled to one vote. The vote of a Unit is not divisible.
>
> Presently, there are 17 Commercial Units and 21 Cabana Units. Each Commercial Unit, as well as each of the Residential Units, will be entitled to one vote. Cabana Units will be entitled to a one-half vote. However, it should be noted that Owners of Commercial Units will, at all times, elect 20 percent of the Board and Owners of Residential and Cabana Units will elect 80 percent of the Board. In the future, if any one or more of these Units is combined, the combined Unit will be entitled to the total vote for each of the combined Units.

(Summary Final Order, ¶3) (emphasis supplied).

6.  The Summary Final Order made the following findings of fact regarding Ocean Manor's Declaration of Condominium:

> Article IV, Section 1 of the Association's Bylaws states:
>
> Section 1. Number, Term, and Qualification, The affairs of the Corporation will be governed by a Board composed of not less than three, nor more than fifteen persons, as is determined from time to time by the Members. However, at all times, Owners of Commercial Units will elect 20 percent of the Board and Owners of Residential Units and Cabana Units will elect 80 percent of the Board. The number of Directors will be increased or decreased so as to accomplish "full" Directors for the Commercial Unit Owners. Developer will be entitled to vote for the election of Directors or upon any other matter on which Owners vote, for however long it is the Owner of any type of Unit. All Directors will be Members provided, however, any Directors designated by Developer need not be Members. All officers of a corporate Owner will be deemed to be Members so as to qualify to be Directors. Directors will be elected by Voting Members at the Annual

Meeting. The term of each Director's service will extend until the next Annual Meeting, and thereafter until his successor is duly elected and qualified, or until he is removed in the manner provided in Section 3 below.

(Summary Final Order, ¶4) (emphasis supplied).

7. The Summary Final Order made additional findings of fact that:

   a. Currently, the Association has five (5) directors. On April 5, 2016, the Association held its annual meeting and election. (Summary Final Order, ¶5)

   b. The Association admits that Frank Talerico, Anne Talerico, the Limited Partnership, TFA, and the Partnership were delinquent in a monetary obligation to the Association on March 8, 2016 (date notice of intent to be a candidate was due), April 5, 2016, (date of the election) and were not current as of September 12, 2016. (Summary Final Order, ¶11)

   c. The candidates' surnames on the ballot were not separated by the class voting structure and the commercial units were allowed to vote all seats on the board. Additionally, the candidates' surnames were not in alphabetical order and the incumbents were identified. (Summary Final Order, ¶12)

8. The Summary Final Order made the following conclusion of law:

   The ballot was clearly deficient in that the candidates' surnames were not in alphabetical order, the incumbents were identified and the different classes were not separated. *The mere fact that commercial owners were allowed to vote for the residential seats make this election void, and a new election must be required.* The Association shall be required to re-notice the election from the second notice of election and comply with Rules 61 B-23.0021 (8) and (9), Florida Administrative Code.

   Additionally, Section 718.112 (2)(d)2., Florida Statutes states in pertinent part:

   > A person who has been suspended or removed by the division under this chapter, or who is <u>delinquent in the payment of any monetary obligation due to the association,</u> is not eligible to be a candidate for board membership and may not be listed on the ballot.

   Pursuant to Article IV, Section 1, of the Association's Bylaws, only Frank Talerico and Anne Talerico are eligible to run for the commercial unit's seat. However, neither is eligible to be a candidate under Section 718.112(2)(d)2., Florida Statutes.2 Until all of their monetary obligations become current, Frank Talerico and Anne Talerico are ineligible to serve on the board. The residential unit owners and cabana unit owners shall elect their four directors from the

remaining eight candidates who timely submitted notices of intent to run for election.

(Summary Final Order, p. 5-6) (italics added, underlining supplied).

## **LEGAL MEMORANDUM**

Ocean Manor has clearly demonstrated its in ability to follow the rules of corporate governance. In Florida, a corporation must act in accordance with its governing documents. Failure to do so voids actions taken in contravention of such requirements. *Bramson v. Beau Monde, Inc.*, 415 So.2d 761 (Fla. 2d DCA 1982) (failure of condo board to comply with governing documents renders actions void); *Word of Life Ministry, Inc. v. Miller*, 778 So.2d 360 (Fla. 1st DCA 2001) (improperly constituted Board's acts are ultra vires and without legal effect); *Yarnall Warehouse & Transfer v. Three Ivory Bros. Moving*, 226 So.2d 887, 890 (Fla. 2d DCA 1969); *Florida Bar v. Town*, 174 So.2d 395 (Fla. 1965). In this case, the Summary Final Order established that Ocean Manor's Board of Directors was improperly elected and installed in violation of: Rules 61 B-23.0021 (8) and (9), Florida Administrative Code; Florida Statute § 718.112 (2)(d)2; Article IV of the Association's Declaration of Condominium; and, Article IV, § 1, of the Association's Bylaws.

As a direct result of the impropriety of Ocean Manor's election, all acts taken by the Board of Directors since April 5, 2016, have been ultra vires and therefore have no legal effect. Those acts included, *inter alia*, Ocean Manor's i) retention of counsel to represent it in this matter; ii) use of Ocean Manor's funds to pay for such representation; iii) and directing its counsel to serve discovery requests on its behalf. In this case Ocean Manor's illicit Board has hired, directed, and paid for its counsel out of Ocean Manor's funds, namely, Grasford W. Smith of Jones, Foster, Johnston & Stubbs, P.A., and Debra P. Rochlin, Esq., of the Law Offices of

Debra P. Rochlin, P.A. All of these acts undertaken by Ocean Manor's board and its counsel should be voided by this Court.

In *Word of Life Ministry, Inc.*, Plaintiff Corporation was been organized under articles of incorporation that provided for amendment only by a two-thirds vote of its members. 778 So.2d at 362. While there were many members of the church congregation, only seven persons were listed as members of Plaintiff Corporation. *Id*. Plaintiffs alleged that at a meeting in 1978, despite the absence of a majority of the members of Plaintiff Corporation, defendant ministers were purportedly elected directors. *Id.* at 363. A year later, a measure nullifying the articles of incorporation was purportedly enacted. *Id.* at 364. Articles of dissolution were filed accordingly. However, the court concluded that these acts were ultra vires and without legal effect. *Id.* at 364; (Citing, *Radison Properties, Inc. v. Flamingo Groves, Inc.*, 767 So. 2d 587, (Fla. 4th DCA 2000) (holding deed executed by former corporate president was void); *Prigerson v. White Cap Sea Foods, Inc.*, 100 N.Y.S.2d 881, 884 (N.Y. Sup. Ct. 1950) ("The board of directors not having been legally chosen, its subsequent purported [action] will likewise be vitiated.")).

The same is true in this case. The Board of Directors was not legally chosen, and its subsequent actions in this case are without requisite legal authority and should be stricken. As such, Ocean Manor's discovery requests should be stricken, and it therefore is not be entitled to an Order compelling discovery.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon all interested parties to **Grasford W. Smith, Esq.** gsmith@jonesfoster.com, **Matthew G. Frias, Esq.** mfrias@jonesfoster.com Attorneys for Defendant Ocean Manor ; **Debra P. Rochlin, Esq.**, debra@dprlawgroup.net , Attorney for Defendant Galt Ocean Manor, Law Offices of Debra P.

Rochlin, P.A.; and, **Paul J. Lane, Esq.**, paul@pjlpa.com , Counsel for Defendant David Aaron Coven, by e-mail via the Florida e-Portal system on this October 25, 2016.

**GARRITY TRAINA, PLLC**
5485 Wiles Road, Suite 404
Coconut Creek, FL 33073
Telephone: (954) 753-6666
Telephone: (954) 753-6663

By: /s/ Joseph D. Garrity
**JOSEPH D. GARRITY, ESQ.**
Florida Bar No. 87531
jgarrity@garritytraina.com
**C.C. TRAINA, ESQ.**
Florida Bar No. 91238
ctraina@garritytraina.com