Exhibit "F"

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

LEONARD KOPPELMAN,

                Plaintiff,

vs.

GALT OCEAN MANOR CONDOMINIUM
ASSOCIATION, INC.,

                Defendant.

_____

CASE NO.:
DIVISION:

## COMPLAINT AGAINST GALT OCEAN MANOR CONDOMINIUM ASSOCIATION, INC., TO PROCEED PURUANT TO FLORIDA STATUTE §51.011

**COMES NOW** the Plaintiff, LEONARD KOPPELMAN, by and through his undersigned counsel, and sues the Defendant, GALT OCEAN MANOR CONDOMINIUM ASSOCIATION, INC., and seeks to have this matter heard as a Summary Proceeding pursuant to Florida Statute §51.011, and as grounds therefore states as follows:

### THE PARTIES

1.    Plaintiff, LEONARD KOPPELMAN, is, and has been at all times material to this action, the owner of property at the GALT OCEAN MANOR CONDOMINIUM ASSOCIATION, INC., located in Fort Lauderdale, Broward County, Florida.

2.    Defendant, GALT OCEAN MANOR CONDOMINIUM ASSOCIATION, INC., ("herein after "GOMCA"), is a Florida Corporation, having its principle place of business in Fort Lauderdale, Broward County, Florida, and conducting business in Broward County, Florida.

1

**Garrity Traina, PLLC**
10394 West Sample Road, Suite. 201, Coral Springs, FL 33065
Broward (954) 753-6666        Fax (954) 753-6663

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN, CLERK 5/5/2016 3:48:24 PM.****

## JURISDICTION AND VENUE

3.     This Court has Jurisdiction over this matter as the amount in controversy exceeds the sum or value of Fifteen Thousand Dollars ($15,000), exclusive of interest, costs, and attorneys' fees.

4.     Venue is proper because Plaintiff and Defendants reside, own property, and/or conduct business in Broward County Florida, the claims stated herein arose out of acts committed in Broward County, Florida, and the property at issue is located in Broward County, Florida.

5.     All conditions precedent to the institution of this action have been satisfied, discharged, excused, and/or waived.

## SUMMARY PROCEEDINGS

6.     On or about August 24, 2011, a Settlement Agreement was entered into between Plaintiff, Defendant, GOMCA, and others. The Settlement Agreement resolved multiple lawsuits, including *Koppelman v. Galt Ocean Manor Condominium Association, Inc., et al.,* Broward County Case Number CACE-07-22929. The Settlement Agreement included provisions regarding how the Galt Ocean Manor was to operate. A true and correct copy of the Settlement Agreement is attached hereto as **EXHIBIT A**.

7.     Florida Statute § 718.302, Agreements entered into by the association, is applicable to the case at bar. Florida Statute § 718.302(3), states:

> Any grant or reservation made by a declaration, lease, or other document, and any contract made by an association, whether before or after assumption of control of the association by unit owners other than the developer, that provides for operation, maintenance, or management of a condominium association or property serving the unit owners of a condominium shall not be in

**Garrity Traina, PLLC**
10394 West Sample Road, Suite. 201, Coral Springs, FL 33065
Broward (954) 753-6666          Fax (954) 753-6663

conflict with the powers and duties of the association or the rights of the unit owners as provided in this chapter.

8.     Florida Statute § 718.302(6), states:

Any action to compel compliance with the provisions of this section or of s. 718.301 may be brought pursuant to the summary procedure provided for in s. 51.011. In any such action brought to compel compliance with the provisions of s. 718.301, the prevailing party is entitled to recover reasonable attorney's fees.

9.     Florida Statute §51.011, Summary Proceeding, provide:

(1) PLEADINGS.—Plaintiff's initial pleading shall contain the matters required by the statute or rule prescribing this section or, if none is so required, shall state a cause of action. All defenses of law or fact shall be contained in defendant's answer which shall be filed within 5 days after service of process. If the answer incorporates a counterclaim, plaintiff shall include all defenses of law or fact in his or her answer to the counterclaim and shall serve it within 5 days after service of the counterclaim. No other pleadings are permitted. All defensive motions, including motions to quash, shall be heard by the court prior to trial.

(2)   DISCOVERY.—Depositions on oral examination may be taken by any party at any time. Other discovery and admissions may be had only on order of court setting the time for compliance. No discovery postpones the time for trial except for good cause shown or by stipulation of the parties.

10.     Again, this is an action to compel compliance with an Agreement that provides for operation, maintenance, or management of a condominium association. Consequently, this matter is proper for Summary Proceeding pursuant to Florida Statute §51.011, and all deadlines should be governed thereby.

## GENERAL ALLEGATIONS

11.     On or about August 24, 2011, a Settlement Agreement was entered into between Plaintiff, Defendant, GOMCA, and others. The Settlement Agreement resolved multiple lawsuits, including *Koppelman v. Galt Ocean Manor Condominium Association, Inc., et al.*, Broward County

3

Case Number CACE-07-22929. The Settlement Agreement included provisions regarding how GOMCA was to operate. A true and correct copy of the Settlement Agreement is attached hereto as **EXHIBIT A.**

12.      Specifically, the Settlement Agreement contains the following non-monetary terms in Paragraph 7:

> d. At the direction of the Board, the Manager shall ensure that the members comply with all Condominium Rules and Regulations, and to the extent that members fail to **comply with the Condominium Documents[1], including said Rules and Regulations,** the Manager shall report violations to the Board and recommend corrective action. (Emphasis added)
>
> e. **The Association shall ensure that the composition of the Board is consistent with the requirements of the Condominium Documents.** (Emphasis added)
>
> h. **Commercial activity** at the Galt Ocean Manor (4040 Galt Ocean Drive, Fort Lauderdale, FL 33308) **shall be conducted in accordance with the Condominium Documents.** (Emphasis added)

13.      On or about June 10, 2013, Plaintiff notified GOMCA of multiple violations of the Condominium Documents by Defendant, GOMCA, and various corporate entities which transact business on the premises of the Galt Ocean Manor property. *See* **EXHIBIT B.**

14.      GOMCA has advised Francesco Talerico (hereinafter "TALERICO"), the owner of the afore-mentioned commercial entities, of the necessity to comply with the Settlement Agreement and the Condominium Documents. *See* **COMPOSITE EXHIBIT C.** GOMCA, however, has informed Plaintiff that it is not in the best interest of the Association to incur the expense of litigation regarding the violations of the Settlement Agreement and the Condominium Documents by TALERICO and his commercial entities.

---

[1] The term "Condominium Documents" refers to the Declaration of Condominium, the Articles of Incorporation, the Bylaws, and any additional written documents intended to govern the activities of the Galt Ocean Manor Condominium Association, Inc.

4

**Garrity Traina, PLLC**
10394 West Sample Road, Suite 201, Coral Springs, FL 33065
Broward (954) 753-6666                    Fax (954) 753-6663

15. Having exhausted his remedy of having GOMCA enforcing the terms of the Settlement Agreement and the Condominium Documents on his behalf, Plaintiff now seeks to do so on his own behalf, as a party to the Settlement Agreement, and a member of the association..

16. Defendant, GOMCA, was an individual signatory to the Settlement Agreement. Moreover, TALERICO currently owns and controls multiple Commercial Entities engaging in commercial activity at the Galt Ocean Manor. The Commercial Entities, while under the direct, and exclusive control of TALERICO, have materially breached the terms of the Settlement Agreement in the following manner:

    a. Common Area Encroachment Violations by TALERICO and his Commercial Entities in violation of the Condominium Documents:

        i. The Tiki Hut Bar was approximately twenty-eight (28) feet by twenty-one (21) feet. The current dimensions of the Tiki Hut Bar are thirty-four (34) feet by thirty-eight (38) feet. The area of the Tiki Bar has more than doubled in size. *See* **EXHIBIT B**.

        ii. A hut was installed outside of the snack bar. Prior to it being installed, the area was common area open decking. However, now that same area is being used for commercial uses, exclusively as an eating area for the snack bar. *See* **EXHIBIT B**

        iii. There was a barbeque pit installed for commercial use only on common area. The common area must be returned to the original condominium specifications. *See* **EXHIBIT B**

        iv. A terrace was installed off of the Tokyo Blue restaurant, which is located at the Galt Ocean Manor. There was no approval of the project by

Galt Ocean Manor Condominium Association, and there is no description of the terrace in the original Condominium Documents. *See* **EXHIBIT B**.

v.      Balconies were installed outside the penthouse units. The penthouse units are residential in nature, and not under the control of TALERICO, as the commercial unit owner, or his Commercial Entities. The balconies have altered the exterior of the building in a manner that is not allowed under the Condominium Documents. *See* **EXHIBIT B**.

vi.     Tables and chairs, used for commercial purposes, have been placed in common areas. The Tiki Bar continues its expansion into the common areas of Galt Ocean Manor Condominium Association property by the placement of tables, bus stations, garbage containers, temporary bars, and event-related stages and other obtrusive items. During an episode of Spike TV's Bar Rescue , filmed at the Galt Ocean Manor, TALERICO was advised to add numerous tables to the common area in order to have a more successful commercial operation. It appears that the cast, crew, and producers of Bar Rescue are unaware of the requirements of the Condominium Documents, Chapter 718 of the Florida Statutes, or the non-monetary terms of the Settlement Agreement. These changes to the common area further violate both the Condominium Documents and the Settlement Agreement.

vii.    A fence was installed around the pool after a patron of one of TALERICO's establishments drowned. While the fence's installation was prudent, and not objected to by the Plaintiff, TALERICO has since used

**Garrity Traina, PLLC**
10394 West Sample Road, Suite. 201, Coral Springs, FL 33065
Broward (954) 753-6666                    Fax (954) 753-6663

the perimeter of the fence as a wall for the placement of tables against it in the operation of the Tiki Hut bar. This area had previously been used for pool lounges by members of GOMCA. There is no longer any access to the beach area through the obstacle course of patrons and tables now cluttering the common area. Plaintiff and other residential unit owners of GOMCA have been denied convenient access to the beach area, which is a part of the common elements of GOMCA, up to the high tide line.

viii.    TALERICO does business at the property under the name Bamboo Beach Tiki Bar and Beach Club. The operation takes over considerable portions of the common area belonging to the unit owners, including but not limited to, the use of the beach property that is the exclusive property of GOMCA. During use by TALERICO and his controlled Commercial Entities, Plaintiff is unable to have continued use and enjoyment of his property. As just one example, during October of 2014, the entire beach area and much of the pool area was closed to GOMCA unit owners for the filing of a Nickelodeon television show. True and correct photographs of the closed-off beach and pool areas are attached hereto as **EXHIBIT D**. Plaintiff was prevented from accessing portions of the pool area, and was threatened with arrest for attempting to use the common elements. TALERICO obtained no authorization from GOMCA and did not compensate GOMCA for his exclusive use of the common elements for approximately one week.

**Garrity Traina, PLLC**
10394 West Sample Road, Suite. 201, Coral Springs, FL 33065
Broward (954) 753-6666              Fax (954) 753-6663

ix.    The restaurant formerly known as Tokyo Blue, now known as Casa Calabria, owned and operated by TALERICO has usurped common area of the condominium common areas. While "renovating" the commercial space from its prior operation TALERICO moved the wall into the common area lobby and installed a fish tank.

x.    Upon information and belief TALERICO has been renting common area and retained rental proceeds therefrom. The area now comprises a coffee shoppe that under the original condominium dockets di not exists as commercial space and was by default common area of the association.

xi.    Upon information and belief TALERICO caused to be installed artificial grass in the exterior of the building in common area surrounding the pool. Since the unapproved installation of the artificial grass the area has been used and incorporated into the commercial operation of common area surrounding the pool and cabanas.

b.    Use Violations by TALERICO and Defendant Commercial Entities in violation of the Condominium Documents:

i.    The Condominium Documents do not allow for the residential penthouse units to be used for commercial purposes, yet they are often advertised as "Ocean Manors Eleven" suites that can accommodate up to four hundred (400) persons. It is doubtful that allowing four hundred patrons to occupy what is deeded as a residential unit complies with any City of Fort Lauderdale fire codes. The haphazard operation of the

Garrity Traina, PLLC
10394 West Sample Road, Suite. 201, Coral Springs, FL 33065
Broward (954) 753-6666        Fax (954) 753-6663

commercial property at the Galt Ocean Manor continues to create significant liability for GOM, and by extension Plaintiff as a member of the Association. In addition the Fort Lauderdale police have been called out to the property on multiple occasions because of the parties in the penthouse and have found, underage drinking, drugs on the premises, fights and recently gun shots fired.

ii.     The bar operations and penthouse parties run late into the night, causing noise and disruption during the late hours of the night. There have been many code violations associated with the noise and hours of operation of these establishments.

iii.     The parking lot across the street from the Galt Ocean Manor is paid for by the members of GOMCA; but it has become, in part, the exclusive parking for TALERICO's bar and restaurant patrons.

iv.     The Tiki Hut bar operates well past allowable hours.

v.     The Tiki Hut bar hosts numerous events which result in the property being overrun by commercial patrons, to the detriment of the members of GOMCA, including Plaintiff.

vi.     It is impossible for unit owners to even access the beach through the maze of patrons and tables during the events hosted by the Tiki Hut.

vii.     The pool and beach areas have effectively become commercial operations by allowing the public to use both for the commercial gain of TALERICO. These areas are common elements, and TALERICO has obtained no authorization to use them exclusively for his own economic

9

benefit, and has made no compensation to GOMCA for commandeering the common elements.

viii.    TALERICO continues to hold unauthorized and illicit events that include hot body, or bikini, contests on the common grounds of the property.  During theses "contests" participates are encouraged and in fact do remove their bikini tops.

c.    Delinquency Violation

i.    The use of the common area by the commercial unit owner, TALERICO, is a delinquency violation as described in the Condominium Documents.  Under the Condominium Documents, any member who is more than forty-five (45) days delinquent on their condominium dues cannot utilize the common areas of the Association.  Upon information and belief, TALERICO and his related Commercial Entities continue to be in arrears for several months of condominium dues and/or assessments.

17.    The use of the property by TALERICO and his Defendant Commercial Entities is in direct contravention of the Settlement Agreement, Condominium Documents, and the Condominium's Rules and Regulations.  Additional photographs of the violations by TALERICO and his Commercial Entities are attached hereto as **EXHIBIT E**.

18.    Defendant, GOMCA, has failed to enforce its Condominium Documents, as required by the Settlement Agreement.  True and correct photographs of the GOMCA property as it existed prior to TALERICO and his Commercial Entities' unauthorized changes to the common elements are attached hereto as **EXHIBIT F**.  TALERICO's repeated and numerous violations have gone without consequence, which have resulted in damages to Plaintiff.

**Garrity Traina, PLLC**
10394 West Sample Road, Suite 201, Coral Springs, FL 33065
Broward (954) 753-6660      Fax (954) 753-6663

19. Defendant, GOMCA, has failed to take measures to ensure that TALERICO and his commercial entities, abides by the terms of the Settlement agreement. GOMCA's lack of action has resulted in damages to Plaintiff.

20. Plaintiff has retained the undersigned law firm to represent him in this action to enforce the Settlement Agreement, and has agreed to pay all fees and costs associated therewith.

21. Pursuant to the Settlement Agreement, Condominium Documents, and Chapter 718 of the Florida Statutes, Plaintiff is entitled to an award of his reasonable attorneys' fees and costs in bringing this action.

22. As a result of the breach of the Settlement Agreement, Plaintiff has been damaged in his loss of use and enjoyment, the loss of common area to which he owns an undivided interest, and a loss of contribution by TALERICO and his Defendant Commercial Entities.

23. Plaintiff's damages include general, consequential, and special damages, consisting of: loss of rental value, loss of use, and loss of quiet enjoyment.

## COUNT I - BREACH OF SETTLEMENT AGREEMENT THE CONDOMINIUM DOCUMENTS AND FLORIDA STATUTE §§ 718

24. Plaintiff incorporates paragraphs 1 through 23, as if fully alleged herein, and further alleges:

25. Defendant, GOMCA through the inaction, has breached the Settlement Agreement, attached hereto as **EXHIBIT A**, by failing to abide by Paragraph 7 of its terms, which require that the parties act in accordance with the Condominium Documents and Florida Statute §§ 718 et seq.

26. Defendant, GOMCA, has allowed TALERICO, through acts of his commercial entities, to breach the Condominium Documents of GOMCA and the requirements of Florida Statute §§ 718 et seq.

**Garrity Traina, PLLC**
10394 West Sample Road, Suite 201, Coral Springs, FL 33065
Broward (954) 753-6666 Fax (954) 753-6663

27.    As a result of the breaches by Defendant allowing the acts of TALERICO and his commercial entities by failing to enforce the terms of the Settlement Agreement, the Condominium Documents or the provisions of Florida Statute §§ 718 et seq., Plaintiff has been damaged in excess of $15,000,000, plus interest, costs, and attorneys' fees.

28.    Plaintiff has lost the use and enjoyment of a significant portion of the common area of GOMCA, of which he holds an ownership interest pursuant to the Condominium Documents. Moreover, the illicit use has caused renters of Plaintiff's units to leave the property, causing loss of rental income to Plaintiff. The loss of use is prohibited by, among other things, Florida Statute § 718.123.

**WHEREFORE**, Plaintiff respectfully requests judgment for damages against Defendant, GALT OCEAN MANOR CONDOMINIUM ASSOCIATION, INC., including interest, costs, and attorneys' fees, and for such additional relief that this Honorable Court deems just and appropriate.

DATED: May 5, 2016

Respectfully submitted,
**GARRITY TRAINA, PLLC**
*Counsel for Plaintiff*
10394 West Sample Road, Suite 201
Coral Springs, Florida 33065
Phone: (954) 753-6666
Fax: (954) 570-6663

By: /s/ Joseph D. Garrity
    **JOSEPH D. GARRITY, ESQ.**
    Florida Bar No. 87531
    jgarrity@garritytraina.com
    **JOSHUA W. ROSENBERG, ESQ.**
    Florida Bar No. 88804
    jrosenberg@garritytraina.com
    gtpaservice@outlook.com (secondary email)

# EXHIBIT A

## Settlement Agreement

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter, the "Agreement") is made and entered into on this ____ day of August, 2011, by and between the Plaintiffs[1], in their respective capacities in the below-listed actions, (hereinafter "the First Party") and Defendants, in their respective capacities in the below-listed actions, (hereinafter, collectively, "the Second Party").

**WHEREAS,** the Parties are currently named parties in the following lawsuits (collectively, the "Actions"):

a.   *Koppelman v. Galt Ocean Manor Condominium Ass'n, et al.,* Case No. 07-22929 (the "Derivative Suit");

b.   *Koppelman, Heins, and McLoughlin v. General Bronze, etc., et al.,* Case No. 09-22138 (18) (consolidated) (the "General Bronze Suit"); and

c.   *Galt Ocean Manor v. John and Jacqueline Newman, et al,* Case No. 07-34283 (04) (consolidated) (the "Newman Suits").

**WHEREAS,** the Parties have each determined that it is in their respective best interests to resolve the above cases on the terms and conditions set forth herein;

**WHEREAS,** each party has been provided the opportunity to consult with and obtain advice from counsel and each are familiar with the terms, conditions, and consequences of the settlement, and enter into this Agreement knowingly and voluntarily;

**WHEREAS,** the following definitions shall apply to this Agreement:

A.   The "Association" refers to the Galt Ocean Manor Condominium Association, Inc., a not-for-profit Florida corporation.

C.   The "Condominium Documents" refers to those documents which govern the Association which are subject to amendment in accordance with same, specifically including the Articles of Incorporation, Declaration of the Condominium, the ByLaws of the Association including all amendments, and the Rules and Regulations attached as Schedule A to the Bylaws.

D.   The "Board" shall refer to the Board of Directors for the Association.

E.   "Manager" or the "Management Company" shall refer to a company licensed and qualified to manage condominium associations pursuant to Florida law, which at the direction of the Board will manage the Association in accordance with the Condominium Documents and this Agreement.

---

[1] For the purposes of this Agreement, Plaintiffs as referenced by the term "First Party," and Defendants as referenced by the term "Second Party" shall refer to the parties' respective party designations in the Derivative Suit.

Initial By: _____



F.     The "Court" shall refer to the circuit court for the 17th Judicial Circuit in and for Broward County, Florida, in which the actions referenced in this Agreement were filed.

G.     "Florida law" shall refer to Chapter 718 of the Florida Statutes and all other applicable Florida laws.

**NOW, THEREFORE,** in consideration of the mutual covenants and conditions contained herein and for other good and valuable consideration, the adequacy and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.     On or before September 9, 2011 and subject to approval by the Court of this Agreement for the settlement of the Derivative Suit, Second Party shall pay or cause to be paid to the Trust Account of Garrity Weiss PA the sum of $1,050,000 (the "Settlement Fund"). The Settlement Fund shall be allocated to resolve the Actions.

2.     Within ten days after receipt by Garrity Weiss PA of the Settlement Fund, Garrity Weiss shall distribute the Settlement Fund to the First Party in their respective capacities, less Garrity Weiss, PA's attorneys' fees and costs, which fees shall be discounted from the firm's reasonable attorneys' fees. Included in this distribution shall be $150,000 paid to the Association.

3.     In consideration of payment of the Settlement Fund, the First Parties in their respective capacities in the above-listed actions, do hereby remise, release, acquit, satisfy, and forever discharge the said Second Parties, in their capacities in the Actions, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, which said First Party, in its capacity in the Actions, or her agents, employees or representatives had, or which any personal representative, successor, heir or assign of said First Party, had against said second parties (including the successors and assigns, heirs, executives, and administrators of said Second Parties as well as all other persons, firms and corporations who might be liable for the Second Parties), for, upon or by reason of, any matter, cause or thing whatsoever, which has been litigated in the above-listed actions.

4.     In consideration of the payment of $150,000 of the Settlement Fund, the Association does hereby remise, release, acquit, satisfy, and forever discharge the Defendants in the Newman Suits listed in **Schedule "A"** of this Agreement, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, which said First Party, in its capacity in the Actions, or her agents or representatives had, or which any personal representative, successor, heir or assign of said first party, had against said Second Parties (including the successors and assigns, heirs, executives, and administrators of said Second Parties as well as all other persons, firms and corporations who might be liable for the Second Parties), for, upon or by reason of, any matter, cause or thing whatsoever, which has been litigated in the above-listed actions.

Initial By: _____  _____



5.    This Agreement contains the entire agreement between the parties hereto and the preamble and terms of this Agreement are contractual and not a mere recital.

6.    The Parties agree and stipulate that the monetary terms of the Agreement will be kept confidential and will not be disclosed unless and except to the extent as may be required by any law, including Chapter 718 of the Florida Statutes, and/or pursuant to a court order.

7.    The following non-monetary terms apply to the Agreement:

a.    The Association shall engage or continue to engage a professional licensed community association manager (their "Manager" or "Management Company") to manage the condominium at the direction of the Board and the Manager shall carry insurance at no less than the minimum levels required by the Condominium Documents.

b.    The Manager shall ensure that the Association's financial and accounting records are maintained in accordance with Chapter 718 of the Florida Statutes, and shall routinely report to the Board all delinquencies of members.

c.    The Manager shall ensure that a fully qualified on-site management representative is assigned to the Condominium property as required by Florida law and the Condominium Documents.

d.    At the direction of the Board, the Manager shall ensure that members comply with all Condominium Rules and Regulations and to the extent members fail to comply with the Condominium Documents, including said Rules and Regulations, the Manager shall report violations to the Board and recommend corrective action.

e.    The Association shall ensure that the composition of the Board is consistent with the requirements of the Condominium Documents. All insurance claims paid to the Association shall be administered by a trustee as defined by paragraph (22) of the Declaration of the Condominium.

f.    The Manager shall be tasked with collecting and accounting for all revenue from beach and pool equipment rental and from the laundry concession.

g.    The Manager shall ensure that the laundry concession and the valet concession operators adhere to contracts with the Association and that the Association receives its share of income from the laundry concession in accordance with the contracts and shall account for same to the Association on a regular basis.

h.    Commercial activity at the Galt Ocean Manor (4040 Galt Ocean Drive Fort Lauderdale, FL 33308) shall be conducted in accordance with the Condominium Documents.

8.    Other than provided for herein, all parties are to bear their own fees and costs.

9.    Upon execution of this Agreement, the Parties shall submit to the Court a joint stipulation advising the Court that the Actions have settled and requesting the Court to enter orders Initial By: _____

Page 3 of 7



of dismissal in each Action with a reservation of jurisdiction to enforce the terms of the Agreement except that in the General Bronze Suit, Plaintiffs shall file a Notice of Voluntary Dismissal with Prejudice as to Defendants Galt Ocean Manor Association, Inc., Frank Talerico, Charles Caico, Carolyn Chin, Anna Rita Talerico, and Shelley Toselli[2]. The Agreement shall remain valid and binding whether or not the Court reserves jurisdiction.

10.     This Agreement constitutes the entire agreement between the Parties as to the terms of this Agreement and may not be amended without a signed written amendment executed by each of the Parties. Each of the Parties has been represented by counsel or has the opportunity to be represented by counsel, the Parties have not relied upon any oral or written parol communication from the other in connection with their entry into this settlement, and each of the Parties hereby waives and releases any claim of fraud in the inducement, coercion, or duress in connection with their entry in this Agreement.

11.     By execution below, the Parties intend that this Agreement be binding upon them and enforceable according to its terms.

12.     This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. Furthermore, signatures delivered via facsimile transmission shall have the same force and effect as the originals.

Dated: August 24 , 2011

Signature pages follow.

_____

[2] Although Defendants Rick George and Norman Roberts are listed in the caption, these Defendants have been previously dismissed from the General Bronze Suit.

Initial By: _____

PLAINTIFFS:

Leonard Koppelman                          Charles Heins

John Newman                                Jacqueline Newman

Derek Hirsch                               Donald McLoughlin

Helen Maguire                              Catherine Brownell

Michael Bencivenga                         Margaret Koppelman

Credit Suisse First Boston Financial Corp.

By: _____

_____, as

American Brokers Conduit

By: _____

_____, as

Initial By: _____

Page 5 of 7

DEFENDANTS

Galt Ocean Manor Association, Inc.

By: _____

_____, as President

_____          _____
Frank Talerico                                                  Charles Caico

_____          _____
Carolyn Chin                                                    Anna Rita Talerico

_____          _____
Shelley Toselli                                                 Alexander Ulitsky

Initial By: _____

Page 6 of 7

### Schedule "A": Liens Released as of August 31, 2011

| Unit No. | Owner |
|----------|-------|
| 306 | Helen Maguire |
| 431 | John and Jacqueline Newman |
| 516 | Les Gestions (Derek Hirsch) |
| 716 | PLK Holdings (Leonard Koppelman) |
| 804 | PLK Holdings (Leonard Koppelman) |
| 809 | Charles Heins |
| 900 | Donald McLoughlin |
| 907 | Leonard and Margaret Koppelman |

Initial By: _____



## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter, the "Agreement") is made and entered into on this 30th day of August, 2011, by and between the Plaintiffs[1], in their respective capacities in the below-listed actions, (hereinafter "the First Party") and Defendants, in their respective capacities in the below-listed actions, (hereinafter, collectively, "the Second Party").

WHEREAS, the Parties are currently named parties in the following lawsuits (collectively, the "Actions"):

     a.    *Koppelman v. Galt Ocean Manor Condominium Ass'n, et al.*, Case No. 07-22929 (the "Derivative Suit");

     b.    *Koppelman, Heins, and McLoughlin v. General Bronze, etc., et al.*, Case No. 09-22138 (18) (consolidated) (the "General Bronze Suit"); and

     c.    *Galt Ocean Manor v. John and Jacqueline Newman, et al*, Case No. 07-34283 (04) (consolidated) (the "Newman Suits").

WHEREAS, the Parties have each determined that it is in their respective best interests to resolve the above cases on the terms and conditions set forth herein;

WHEREAS, each party has been provided the opportunity to consult with and obtain advice from counsel and each are familiar with the terms, conditions, and consequences of the settlement, and enter into this Agreement knowingly and voluntarily;

WHEREAS, the following definitions shall apply to this Agreement:

A.    The "Association" refers to the Galt Ocean Manor Condominium Association, Inc., a not-for-profit Florida corporation.

C.    The "Condominium Documents" refers to those documents which govern the Association which are subject to amendment in accordance with same, specifically including the Articles of Incorporation, Declaration of the Condominium, the ByLaws of the Association including all amendments, and the Rules and Regulations attached as Schedule A to the Bylaws.

D.    The "Board" shall refer to the Board of Directors for the Association.

E.    "Manager" or the "Management Company" shall refer to a company licensed and qualified to manage condominium associations pursuant to Florida law, which at the direction of the Board will manage the Association in accordance with the Condominium Documents and this Agreement.

---

[1] For the purposes of this Agreement, Plaintiffs as referenced by the term "First Party," and Defendants as referenced by the term "Second Party" shall refer to the parties' respective party designations in the Derivative Suit.

Initial By: _____

F.      The "Court" shall refer to the circuit court for the 17th Judicial Circuit in and for Broward County, Florida, in which the actions referenced in this Agreement were filed.

G.      "Florida law" shall refer to Chapter 718 of the Florida Statutes and all other applicable Florida laws.

**NOW, THEREFORE,** in consideration of the mutual covenants and conditions contained herein and for other good and valuable consideration, the adequacy and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      On or before September 9, 2011 and subject to approval by the Court of this Agreement for the settlement of the Derivative Suit, Second Party shall pay or cause to be paid to the Trust Account of Garrity Weiss PA the sum of $1,050,000 (the "Settlement Fund"). The Settlement Fund shall be allocated to resolve the Actions.

2.      Within ten days after receipt by Garrity Weiss PA of the Settlement Fund, Garrity Weiss shall distribute the Settlement Fund to the First Party in their respective capacities, less Garrity Weiss, PA's attorneys' fees and costs, which fees shall be discounted from the firm's reasonable attorneys' fees. Included in this distribution shall be $150,000 paid to the Association.

3.      In consideration of payment of the Settlement Fund, the First Parties in their respective capacities in the above-listed actions, do hereby remise, release, acquit, satisfy, and forever discharge the said Second Parties, in their capacities in the Actions, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, which said First Party, in its capacity in the Actions, or her agents, employees or representatives had, or which any personal representative, successor, heir or assign of said First Party, had against said second parties (including the successors and assigns, heirs, executives, and administrators of said Second Parties as well as all other persons, firms and corporations who might be liable for the Second Parties), for, upon or by reason of, any matter, cause or thing whatsoever, which has been litigated in the above-listed actions.

4.      In consideration of the payment of $150,000 of the Settlement Fund, the Association does hereby remise, release, acquit, satisfy, and forever discharge the Defendants in the Newman Suits listed in **Schedule "A"** of this Agreement, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, which said First Party, in its capacity in the Actions, or her agents, employees or representatives had, or which any personal representative, successor, heir or assign of said first party, had against said Second Parties (including the successors and assigns, heirs, executives, and administrators of said Second Parties as well as all other persons, firms and corporations who might be liable for the Second Parties), for, upon or by reason of, any matter, cause or thing whatsoever, which has been litigated in the above-listed actions.

Initial By: _____

Page 2 of 7

5.      This Agreement contains the entire agreement between the parties hereto and the preamble and terms of this Agreement are contractual and not a mere recital.

6.      The Parties agree and stipulate that the monetary terms of the Agreement will be kept confidential and will not be disclosed unless and except to the extent as may be required by any law, including Chapter 718 of the Florida Statutes, and/or pursuant to a court order.

7.      The following non-monetary terms apply to the Agreement:

a.      The Association shall engage or continue to engage a professional licensed community association manager (their "Manager" or "Management Company") to manage the condominium at the direction of the Board and the Manager shall carry insurance at no less than the minimum levels required by the Condominium Documents.

b.      The Manager shall ensure that the Association's financial and accounting records are maintained in accordance with Chapter 718 of the Florida Statutes, and shall routinely report to the Board all delinquencies of members.

c.      The Manager shall ensure that a fully qualified on-site management representative is assigned to the Condominium property as required by Florida law and the Condominium Documents.

d.      At the direction of the Board, the Manager shall ensure that members comply with all Condominium Rules and Regulations and to the extent members fail to comply with the Condominium Documents, including said Rules and Regulations, the Manager shall report violations to the Board and recommend corrective action.

e.      The Association shall ensure that the composition of the Board is consistent with the requirements of the Condominium Documents. All insurance claims paid to the Association shall be administered by a trustee as defined by paragraph (22) of the Declaration of the Condominium.

f.      The Manager shall be tasked with collecting and accounting for all revenue from beach and pool equipment rental and from the laundry concession.

g.      The Manager shall ensure that the laundry concession and the valet concession operators adhere to contracts with the Association and that the Association receives its share of income from the laundry concession in accordance with the contracts and shall account for same to the Association on a regular basis.

h.      Commercial activity at the Galt Ocean Manor (4040 Galt Ocean Drive Fort Lauderdale, FL 33308) shall be conducted in accordance with the Condominium Documents.

8.      Other than provided for herein, all parties are to bear their own fees and costs.

9.      Upon execution of this Agreement, the Parties shall submit to the Court a joint stipulation advising the Court that the Actions have settled and requesting the Court to enter orders

Initial By: _____

Page 3 of 7

of dismissal in each Action with a reservation of jurisdiction to enforce the terms of the Agreement except that in the General Bronze Suit, Plaintiffs shall file a Notice of Voluntary Dismissal with Prejudice as to Defendants Galt Ocean Manor Association, Inc., Frank Talerico, Charles Caico, Carolyn Chin, Anna Rita Talerico, and Shelley Toselli[2].  The Agreement shall remain valid and binding whether or not the Court reserves jurisdiction.

10.     This Agreement constitutes the entire agreement between the Parties as to the terms of this Agreement and may not be amended without a signed written amendment executed by each of the Parties.  Each of the Parties has been represented by counsel or has the opportunity to be represented by counsel, the Parties have not relied upon any oral or written parol communication from the other in connection with their entry into this settlement, and each of the Parties hereby waives and releases any claim of fraud in the inducement, coercion, or duress in connection with their entry in this Agreement.

11.     By execution below, the Parties intend that this Agreement be binding upon them and enforceable according to its terms.

12.     This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.  Furthermore, signatures delivered via facsimile transmission shall have the same force and effect as the originals.

Dated: _____8/04_____, 2011

Signature pages follow.

---

[2] Although Defendants Rick George and Norman Roberts are listed in the caption, these Defendants have been previously dismissed from the General Bronze Suit.

Initial By: _____

Page 4 of 7

PLAINTIFFS:

_____     _____
Leonard Koppelman                        Charles Heins

_____     _____
John Newman                              Jacqueline Newman

_____     _____
Derek Hirsch                             Donald McLoughlin

_____     _____
Helen Maguire                            Catherine Brownell

_____     _____
Michael Bencivenga                       Margaret Koppelman

Credit Suisse First Boston Financial Corp.

By: _____

_____, as

American Brokers Conduit

By: _____

_____, as

Initial By: _____

Page 5 of 7

DEFENDANTS

Galt Ocean Manor Association, Inc.

By: _____

_____ , as _____


_____         _____
Frank Talerico                             Charles Caico


_____         _____
Carolyn Chin                               Anna Rita Talerico


_____         _____
Shelley Toselli                            Alexander Ulitsky


Initial By: _____

                              Page 6 of 7

### Schedule "A": Liens Released as of August 31, 2011

| Unit No. | Owner |
|----------|-------|
| 306 | Helen Maguire |
| 431 | John and Jacqueline Newman |
| 516 | Les Gestions (Derek Hirsch) |
| 716 | PLK Holdings (Leonard Koppelman) |
| 804 | PLK Holdings (Leonard Koppelman) |
| 809 | Charles Heins |
| 900 | Donald McLoughlin |
| 907 | Leonard and Margaret Koppelman |

Initial By:

Page 7 of 7

# EXHIBIT B

## Notice of Violations by Plaintiff



1002 East Newport Center Drive
Suite 102
Deerfield Beach, FL 33442
954 570-6616          Fax: 954 570-6618

Joseph D. Garrity, Esq.
Marlon J. Weiss, Esq.
Christine Traina, Esq.
Joshua Rosenberg, Esq.

June 10, 2013

Galt Ocean Manor Condo. Association, Inc.
Charles Caico - President
4040 Galt Ocean Drive
Fort Lauderdale, Fl. 33308

David A. Coven, ESQ
2856 East Oakland Park Blvd
Fort Lauderdale, Fl. 33306

AFT Management, Corp.
Frank Talerico
5460 Pinetree Road
Coral Springs, Fl. 33067

Paul Lane, Esq.
Attorney for Tramar Reality Corp.
2755 E. Oakland Park Blvd.
Suite 300
Ft. Lauderdale, Fl. 33306

Re:  Breach of the Attached Settlement Agreement

Dear Messrs:

As you know, this firm litigated a case against the association and individual board members which resulted in the attached settlement agreement. This letter is to inform the Commercial unit owner, and the Association who is charged with enforcing the Association's rules, and current lien holder of the commercial units that since the time of the settlement agreement there have been several major breaches and I have been instructed by my clients to bring an enforcement action against the responsible parties.

Specifically, but not limited to, since the time of the Settlement Agreement there has been no change to the encroachment on the common areas by the commercial unit owner. The encroachment has gotten worse. To be clear, my clients along with every other unit owner

at Ocean Manor own an indivisible portion of the common areas. The settlement agreement required that the condominium documents be acknowledged and enforced against this encroachment. All of the encroachments described herein are not part of the condominium documents or any valid amendment thereto.

Moreover, under the terms of the settlement agreement the commercial unit owner would be required to confine its use of the property as defined in the condominium documents. However as described below that has not happened and in fact the commercial unit owner has expanded use of the property in violation of the condominium documents.

It is important to note that this is a mixed used property and not Talerico's bar and beach club. In fact there was never authorization to allow for the operation of a beach club. It is in direct violation of the condominium documents and the settlement agreement.

The following is a list of the Encroachment Violations of the common area as described in the Condominium Documents:

A. The Tiki Hut Bar was approximately 28' x 21'. The Tiki Hut Bar must be returned to its original size. The current dimensions of the Tiki Hut bar 34' x 38'. Please see the attached drawings Exhibit A original Tiki Hut and Exhibit B the expanded Tiki Hut for reference.

B. The Hut outside of the snack bar needs to be removed. Prior to it being installed the area was common area open decking. However, now that same area is being used for commercial exclusively as an eating area for the snack bar.

C. There was a barbeque pit installed for commercial use only on common area. The common area must be returned to the original condominium specifications.

D. The terrace off of the Tokyo Blue restaurant needs be removed. There was no approval of the project by Association and there is no description of the terrace in the original condominium documents.

E. The penthouse balconies need to be removed. The balconies have altered the exterior of the building in a manner that is not allowed under the condominium documents.

F. All tables used for commercial purposes in common areas need to be removed. The Tiki Bar continues its expansion into the common areas of Association property by placing tables, bus stations, garbage containers temporary bars and event related stages and other obtrusive items. During a recent episode of Recue Bar featuring the Tiki Hut bar operation Mr. Talerico was advised to add numerous tables to the common area in order to have a more successful commercial operation. Apparently

2



Recues Bar is unaware of the condominium document requirements, Chapter 718 of the Florida Statutes or the settlement agreement entered into between the parties. This again violates the condominium documents and the settlement agreement.

G. There was a fence put around the pool after a patron of the commercial unit owner drown. While we do not object to the installation of a fence the commercial unit owner has used the perimeter of the fence as a wall for placing tables up against in the operation of the Tiki Hut bar. The area use to be for pool lounges used by members of the association. There is no access to the beach through the patrons and tables put on common area.

The following is a list of the Use Violations of the common area as described in the Condominium Documents:

A. In addition the condominium documents do not allow for the residential penthouse units to be used as advertised for commercial purposes as advertised "Ocean Manors Eleven" (11 story roof top floor) suites accommodate up to 400 persons. It is not even clear that allowing 400 persons to occupy what is deeded as a residential unit complies with any city of Fort Lauderdale fire codes. In fact the hap hazard operation of the commercial property continues to create significant liability to the Association and thereby my clients.

B. The restaurant Tokyo Blue and the bar operate during late hours causing noise and disruptions into the late hours of the night. There have been many code violations associated with the noise and hours of operation.

C. The parking lot across the street from the property is paid for by the Association members but has become the exclusive parking for bar and restaurant guests.

D. The Tiki Hut bar operates beyond allowed hours.

E. The Tiki Hut bar hosts numerous events causing the property to be overrun by commercial patrons to the determinant of the Association members.

F. It is impossible for unit owners to even access the beach through the maze of people and tables at these events.

G. The pool and beach have become commercial operations by allowing the public to use both for the commercial gain of the commercial unit owner.

The Use of the common area by the commercial unit owner is a Delinquency Violation of as described in the Condominium Documents. Moreover, under the condominium documents anyone who is more than 45 days delinquent on the condominium dues cannot utilize the

3



common area at all. We believe that the commercial unit owner has been more than 45 days delinquent since we force his resignation from the Board of Directors for that reason in June 2009. At the time of his forced resignation Mr. Talerico was several hundred thousand dollars in arrears. At this time it is believed that he is still in significant arrears. Albeit that the Association has failed to provide an accounting of the money owed by Mr. Talerico. The failure to provide the accounting is a violation of the settlement agreement.

Please let this letter serve as notice that Mr. Talerico should have no further "events" or use of any common area at the Ocean Manor and that any such use is a violation of the settlement agreement.

The situation is grave. Especially in light of the numerous lawsuits, judgments and Department of Revenue Warrants that are public record and filed against the commercial unit owner. We have collected public records evidencing the lawsuits, judgments, warrants, code violations and other dubious documents referenced in this letter. This firm has identified several lawsuits against the commercial unit owner that have named the Association as a defendant as well.

PENDING LAWSUITS THAT INVOLVE THE ASSOCIATION

There are several lawsuits regarding complaints are related to the operation of the commercial units and Frank Talerico. The lawsuits include ADA violations, employment and wage claims, personal injury, wrongful death and other premise liabilities. In all of these cases the Association is named as a defendant.

The Association has had to expend funds and pay claims all related to the commercial operations and faces unknown and possible grave liability in pending matters.

There is a lawsuit regarding the wrongful death of a bar patron who drowned in the pool. There is a personal injury case by a worker from General Bronze who fell down an elevator shaft during the window installation. Please provide this firm with the status of the pending cases immediately to determine if there are rights of my clients that need to be protected against any excess liability. Every member of the association may have exposure but they are not being informed of the same. The condominium association is not a partner or an affiliate of the commercial operation and only suffers in both the quality of use and enjoyment of the property and financially. This is true even though the commercial operations are in violation of the condominium documents and the settlement agreement entered into.

Likewise, there is now a pending foreclosure action by Tramar Realty Corp, whose attorney Paul Lane is copied herein, to foreclose on all of the units owned by the commercial

4



unit owner. We suppose that the foreclosure may ultimately be in the best interest of the Association. However, on behalf of my clients I am requesting that all Association fees (whether regular or by special assessment) owed be accounted for to this firm including a history of payments since 2006. We fully expect these fees to be paid in full at such time as the property transfers to Tramar Reality Corp should that event occur. Otherwise the Association should not approve the sale of the property to the party. The Association Board of Director's owes a fiduciary duty to ensure that any transfer or refinancing of the property and debt of Mr. Talerico and his related entities include proper and full payment to the Association at that time.

### DUTY TO DISCLOSE

Moreover, the new financier or owner must be made aware of all of the limitation contained in the condominium documents and the settlement agreement and be willing to abide by both. Tramar should understand that the property will come with the debt owed to the Association and that we intend to enforce the non-use of all common areas due to delinquent Association payments. We felt compelled to make this disclosure at this time in order to avoid any misapprehension by the would-be new commercial unit owner. The fees must be paid and the property must be returned to form disclosed in the condominium documents as it relates to common area. That is what was required by the settlement agreement we entered into.

### DOCUMENTS MUST BE SUPPLIED

I have requested on several occasion this accounting information regarding Association payments of the commercial unit owner from Blue Crest management but they have not responded to the requests. Under Florida Chapter 718 we are entitled to a full examination of the books and records of the Association. We have been trying to avoid conflict with the Association directly as we see this problem being one primarily between the commercial unit owner and certain members of the Association who object to the continued misused of the property in violation of the condominium documents. We are tired of litigation with the Association that would needlessly include Board Members who are trying to turn the property around. However, if we cannot get this information voluntarily we will file suit to gain access to it.

### GENERAL BRONZE MATTER

Finally, all of my clients and many other unit owners have reported that the window installation by General Bronze was completely defective and the windows are non-operable and leaking. Please advise this firm what course of action is being taken against General Bronze

5 

to rectify the situation.   We are requesting a copy of all notices, demands, lawsuits, settlements, releases and other documents evidencing the demands related to the windows.

We found out at trial with General Bronze that they were not the company that ultimately finished the installation but it was Continental.  Please provide all agreements the association entered into with Continental to complete the window installation for 716, 804, 809, 900 & 907.

### FRANK'S SELF INTEREST

Moreover, it should be noted that Frank Talerico testified at the trial with General Bronze as a witness for General Bronze and effectively against every member of the association.  The jury found based on his testimony that the Condominium Association was responsible for seventy (70%) percent of the damage due to the defective window installation. We were seeking in excess of $1,500,000.00.  Since then there has been flagrant violations of the settlement agreement the release given to the association by my clients in regards to the window lawsuit is no longer operative.  Now the Association, because of the testimony of Frank Talerico and the continued allowance of the breach of the settlement agreement may once again be liable for Mr. Talerico mess.

We need to get to the bottom of his testimony and therefore demand herein an accounting regarding payments made by unit for window at the time of General Bronze's claim of lien for approximately $700,000.00.  We would like to know how much was owed by Frank Talerico regarding the window project at the time of his testimony in September 2012.  In addition, please provide a copy of the settlement agreement entered into with General Bronze as a result of their lien foreclosure lawsuit and whether the Association raised a counter-claim against the contract for defective windows at that time.

Likewise we have just learned that Frank Talerico is pursuing a lawsuit against the Association's insurance company in his own name and in the name of the Association.  The lawsuit is frivolous and the Association will face liability should the case be lost.  I am not even sure if the Association authorized the filing a lawsuit in its name against the insurance company but there will definitely been an increase in premiums because of the lawsuit.  I have not heard from any member that any of this was discussed at any meeting of the Association.  Please do not let Mr. Talerico continue to drag this Association down.

### CONCLUSION

In conclusion, my clients are tired of fighting this battle on their own and are demanding that the Association, by its Board of Directors, step up and do something to rectify this

6

situation. Ocean Manor must be return to its original state as described in the condominium documents and any proper amendments thereto. All purported amendments to the condominium documents must be supplied to this office in response to this letter. The unit owners at Ocean Manor must be given the opportunity to enjoy the common areas and the full benefit of their ownership.

The Association should begin to realize that there is a common enemy and his name is Frank Talerico. We are again faced the holding the Association accountable for his actions under the settlement agreement unless there is an effort to have this matter resolved and my clients compensated hopefully by Mr. Talerico who continues to reap the rewards of operating this business while everyone else suffers.

WE WOULD REQUEST THAT A RESPONSE TO THESE ISSUES BE GIVEN WITHIN 10 DAYS FROM RECEIPT OR WE WILL SEEK ENFORCEMENT OF THE SETTLEMENT AGREEMENT IN COURT.

KINDLY GOVERN YOURSELF ACCORDINGLY

Sincerely,

Joseph P. Garrity, Esq.



5.      This Agreement contains the entire agreement between the parties hereto and the preamble and terms of this Agreement are contractual and not a mere recital.

6.      The Parties agree and stipulate that the monetary terms of the Agreement will be kept confidential and will not be disclosed unless and except to the extent as may be required by any law, including Chapter 718 of the Florida Statutes, and/or pursuant to a court order.

7.      The following non-monetary terms apply to the Agreement:

a.      The Association shall engage or continue to engage a professional licensed community association manager (their "Manager" or "Management Company") to manage the condominium at the direction of the Board and the Manager shall carry insurance at no less than the minimum levels required by the Condominium Documents.

b.      The Manager shall ensure that the Association's financial and accounting records are maintained in accordance with Chapter 718 of the Florida Statutes, and shall routinely report to the Board all delinquencies of members.

c.      The Manager shall ensure that a fully qualified on-site management representative is assigned to the Condominium property as required by Florida law and the Condominium Documents.

d.      At the direction of the Board, the Manager shall ensure that members comply with all Condominium Rules and Regulations and to the extent members fail to comply with the Condominium Documents, including said Rules and Regulations, the Manager shall report violations to the Board and recommend corrective action.

e.      The Association shall ensure that the composition of the Board is consistent with the requirements of the Condominium Documents. All insurance claims paid to the Association shall be administered by a trustee as defined by paragraph (22) of the Declaration of the Condominium.

f.      The Manager shall be tasked with collecting and accounting for all revenue from beach and pool equipment rental and from the laundry concession.

g.      The Manager shall ensure that the laundry concession and the valet concession operators adhere to contracts with the Association and that the Association receives its share of income from the laundry concession in accordance with the contracts and shall account for same to the Association on a regular basis.

h.      Commercial activity at the Galt Ocean Manor (4040 Galt Ocean Drive Fort Lauderdale, FL 33308) shall be conducted in accordance with the Condominium Documents.

8.      Other than provided for herein, all parties are to bear their own fees and costs.

9.      Upon execution of this Agreement, the Parties shall submit to the Court a joint stipulation advising the Court that the Actions have settled and requesting the Court to enter orders

Initial By: _____

Page 3 of 7

of dismissal in each Action with a reservation of jurisdiction to enforce the terms of the Agreement except that in the General Bronze Suit, Plaintiffs shall file a Notice of Voluntary Dismissal with Prejudice as to Defendants Galt Ocean Manor Association, Inc., Frank Talerico, Charles Caico, Carolyn Chin, Anna Rita Talerico, and Shelley Toselli[2]. The Agreement shall remain valid and binding whether or not the Court reserves jurisdiction.

10.    This Agreement constitutes the entire agreement between the Parties as to the terms of this Agreement and may not be amended without a signed written amendment executed by each of the Parties. Each of the Parties has been represented by counsel or has the opportunity to be represented by counsel, the Parties have not relied upon any oral or written parol communication from the other in connection with their entry into this settlement, and each of the Parties hereby waives and releases any claim of fraud in the inducement, coercion, or duress in connection with their entry in this Agreement.

11.    By execution below, the Parties intend that this Agreement be binding upon them and enforceable according to its terms.

12.    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. Furthermore, signatures delivered via facsimile transmission shall have the same force and effect as the originals.

Dated:  _8_ / _04_ , 2011

Signature pages follow.

---

[2] Although Defendants Rick George and Norman Roberts are listed in the caption, these Defendants have been previously dismissed from the General Bronze Suit.

Initial By: _____







TIKI BAR & HUT PLAN & SECTIONS





Weddings

Ocean Manor Beach Resort
4040 Galt Ocean Drive
Fort Lauderdale, FL
(954)566-7500

We are delighted you are considering the...

# Ocean manor Beach Resort

### For your special wedding celebration!

The Ocean Manor is a boutique hotel located directly on Fort Lauderdale Beach. We are the ideal location for a pristine beach wedding.

Our ultra modern penthouse and sophisticated ballroom both offer a spectacular view of the ocean.

Our packages are designed to accommodate a wide range of tastes and budgets.

We guarantee each bride personalized attention and professional service throughout the entire planning process to ensure a day that will never be forgotten.



# An Ocean Manor Wedding Ceremony...

## Choice of the following Locations:

*Pristine Roof Top Terrace- $1,400.00*
*Beachside Ceremony- $800.00*
*Starlight Ballroom- $800.00*

**All Ceremonies Include a Bamboo Arch Draped in White Tulle**
**and up to 50 White Folding Chairs**
*Ceremony prices contingent on both ceremony and reception being held at*
**Ocean Manor**



**Pricing does not include 6% tax and 20% service fee**

## An Ocean Manor Wedding Reception...

### All Packages Include:

- Tables and chairs with floor length white linen, white linen napkin, and white chair covers
- Standard Centerpiece
- Tables for , Cake, Gifts and DJ
- All Required Table settings for Dinner including glass wear and silverware
- Champagne Toast
- Custom Made Wedding Cake(Up to $200.00 depending on package)
- Coffee Service
- Complimentary Tasting for Bridal Couple
- Special Overnight Guest Room Rates
- Preferred Vendor List Provided A
- Professional Staff to assist you

### Additional Services Available:

- Additional Chairs for ceremony are $2.00 each plus 6% Tax and 20% Service fee
- Upgraded Menu packages available customized to your taste
- Carving Attendants 150.00 per station
- Cocktail Hour in ballroom, or outdoors starting at 150.00 set up fee, plus 6% Tax and 20% Service fee.
- Additional Hour of Open Bar- Silver: $7.00pp, Gold: $9.00pp, Platinum: $11.00pp
- Chair Sashes- $2.00 per chair
- Silver Square Chargers or Round Gold- $2.00 per charger
- Hosted Valet Parking- $5.00 per car
- Wedding Coordinator and Decorating packages available
- Rental of Chaivari Chairs, as well as additional colors / designs of linens, and chair covers available



## Silver Package...

**SILVER PACKAGE $80.00 per person:**

### Inclusions:



- Three Hour Open Bar
- House Liquor Brands, One Imported Beer and Two Domestic Beer, House Wine
- Cheese, Vegetable and Fruit Tray
- Salad Selection
- Chicken, Meat or Fish Entrée (Choice of One)
- Pasta Selection
- Choice of Two Sides

### Menu Options:

**Salad Selections (Select one)**
- Traditional Caesar Salad- Toasted croutons and Shaved Reggiano on Romaine Lettuce
- Mixed Green Salad with choice of dressing

**Entrée Selections (Select one)**
**Chicken:**
- Champagne Chicken- Chicken breast in Champagne Sauce
- Citrus Honey Chicken- Chicken Breast with Honey lemon sauce
- Chicken Franchese- Egg breaded Chicken Breast Sautéed in lemon wine sauce
- Chicken Parmesan- Breaded chicken in a marinara sauce
- Chicken Picatta with capers- Chicken breast sautéed in white wine with caper sauce and a touch of butter
- Chicken Marsala- Chicken breast in a mushroom wine reduction
- Jerk Chicken- Chicken breast Or Chicken on the bone in jerk Sauce

**Seafood:**
- Mahi Mahi- Blackened, Grilled or in Tomato sauce
- Grouper- Blackened, Grilled or Francese
- Cod Fish Sautéed in a butter Herb and garlic sauce



**Beef:**
- Marinated Skirt Steak
- Prime Rib- Carving Station (Additional Cost)
- Roast Beef- Carving Station (Additional Cost)

**Pasta Options** *(Select one)*
- Penne Alla Vodka
- Cavatelli with sausage and peppers, garlic sauce and basil
- Baked Ziti
- Rigatoni with Marinara
- Fettuccini Alfredo

**Accompaniments** *(Select two)*
- Seasonal Vegetable Medley
- Mashed Potatoes
- Brown Rice
- Asparagus
- Green Beans



## Gold Package...

### GOLD PACKAGE $110.00 per person:

### *Inclusions:*

- *Four Hour Open Bar  (Can include a Cocktail Hour in Tokyo Blue)*
- *Call Liquor Brands, One Imported Beer and Two Domestic Beer, House Wine*
- *Selection of 3 Hors D' Oeuvres and a Cheese, Vegetable and Fruit Tray (Can be served during Cocktail Hour)*
- *Salad Selection*
- *Chicken, Meat or Fish Entrée (Choice of Two)*
- *Pasta Selection*
- *Choice of Two Sides*
- *1 night Complimentary Stay for the Bride and Groom*



### *Menu Options:*
Hors D' Oeuvres: *(Choose 3) (Please see* Hors D' Oeuvres Page*)*

**Salad Selections (Select one)**
- *Traditional Caesar Salad- Toasted croutons and Shaved Reggiano on Romaine Lettuce*
- *Mixed Green Salad with choice of dressing*

**Entrée Selections (Select Two)**
**Chicken:**
- *Champagne Chicken- Chicken breast in Champagne Sauce*
- *Citrus Honey Chicken- Chicken Breast with Honey lemon sauce*
- *Chicken Franchese- Egg breaded Chicken Breast Sautéed in lemon wine sauce*
- *Chicken Parmesan- Breaded chicken in a marinara sauce*
- *Chicken Picatta with capers- Chicken breast sautéed in caper sauce*
- *Chicken Marsala- Chicken breast in a mushroom wine reduction*
- *Jerk Chicken- Chicken breast Or Chicken on the bone in jerk Sauce*

**Seafood:**
- *Mahi Mahi- Blackened, Grilled or In Tomato sauce*
- *Grouper- Blackened, Grilled or Francese*
- *Cod Fish Sautéed in a butter Herb and garlic sauce*



**Beef:**
- *10 Ounce NY Strip*
- *6 Ounce Petite Filet Grilled- with Cabernet Demi- Glaze*
- *Marinated Skirt Steak*
- *Prime Rib- Carving Station (Additional Cost)*
- Roast Beef- Carving Station (Additional Cost)

*Pasta Options (Select one)*
- *Penne Alla Vodka*
- *Cavatelli with sausage and peppers, garlic sauce and basil*
- *Baked Ziti*
- *Rigatoni with Marinara*
- *Fettuccini Alfredo*

*Accompaniments (Select two)*
- *Seasonal Vegetable Medley*
- *Mashed Potatoes*
- *Brown Rice*
- *Asparagus*
- *Green Beans*



## Platinum Package...

### *PLATINUM PACKAGE $150.00 per person:*

### *Inclusions:*

- *Five Hour Open Bar (Can include Cocktail Hour in Tokyo Blue)*
- *Premium Brand Liquor, Two Imported and Two Domestic Beer, Upgraded Wine Selection*
- *Selection of 4 Hors D' Oeuvres, and a Cheese , Vegetable and Fruit Tray (can be served During Cocktail Hour)*
- *Salad Selection*
- *Chicken, Meat or Fish Entrée (Choice of Two)*
- *Pasta Selection*
- *Choice of Two Sides*
- *1 night Complimentary Stay including complimentary Champagne*

### *Menu Options:*

Hors D' Oeuvres *(Choose four)- (Please see* Hors D' Oeuvres *Page)*

*Salad Selections (Select one)*
- *Traditional Caesar Salad- Toasted croutons and Shaved Reggiano on Romaine Lettuce*
- *Mixed Green Salad with choice of dressing*

*Entrée Selections (Select two)*
*Chicken:*
- *Champagne Chicken- Chicken breast in Champagne Sauce*
- *Citrus Honey Chicken- Chicken Breast with Honey lemon sauce*
- *Chicken Franchese- Egg breaded Chicken Breast Sautéed in lemon wine sauce*
- *Chicken Parmesan- Breaded chicken in a marinara sauce*
- *Chicken Picatta with capers- Chicken breast sautéed in caper sauce*
- *Chicken Marsala- Chicken breast in a mushroom wine reduction*
- *Jerk Chicken- Chicken breast Or Chicken on the bone in jerk Sauce*

*Seafood:*
- *Mahi Mahi- Blackened, Grilled or in Tomato sauce*
- *Grouper- Blackened, Grilled or Francese*
- *Cod Fish Sautéed in a butter Herb and garlic sauce*

*Beef:*
- *NY Strip- 10 ounce*
- *Petite Filet Grilled Cabernet Demi- Glaze - 6 ounce with*
- *Marinated Skirt Steak*
- *Prime Rib- Carving Station (Additional Cost)*
- *Roast Beef- Carving Station (Additional Cost)*

*Pasta Options (Select one)*
- *Penne Alla Vodka*
- *Cavatelli with sausage and peppers, garlic sauce and basil*
- *Baked Ziti*
- *Rigatoni with Marinara*
- *Fettuccini Alfredo*

*Accompaniments (Select two)*
- *Seasonal Vegetable Medley*
- *Mashed Potatoes*
- *Brown Rice*
- *Asparagus*
- *Green Beans*



## Hors D' Oeuvres Selections...

Hors D' Oeuvres



- *Display of International and Domestic Cheeses*
- *Fresh Vegetable Crudité*
- *Swedish Meatballs*
- *Miniature Hot Dogs in Puff Pastry*
- *Beef or Chicken Saté with Spicy Peanut Sauce*
- *Teriyaki Beef Brochettes*
- *Bruschetta*
- *Mini assorted Quiches*
- *Chicken Tempura*
- *Mini Hamburger Sliders*
- *Mini Chicken Sliders*
- *Crab Rangoon*
- *Strawberries with Brie*
- *Shrimp wrapped in bacon*
- *Mini Crab Cakes with Old Bay Aioli*
- *Coconut Shrimp with Horseradish Rémoulade*
- *Bacon Wrapped Scallops*
- *Mushroom Crowns Stuffed with Crab Meat*
- *Open Faced Conch Cakes w/Cuban Black Bread*
- *Mahi Mahi Fingers*
- *Calamari*
- *Conch Fritters*
- *Caprese Skewers with Tomato, Fresh Mozzarella, Basil Drizzled with Balsamic Dressing*
- *Chicken, Beef or Vegetables empanadas*
- *Mini Beef Wellington*
- *Shrimp Skewers*
- *Spring rolls meat*
- *Spring rolls vegetables*

# Sunrise Brunch Package

**SUNRISE BRUNCH PACKAGE $69.00 per person:**

### *Inclusions:*

- *Three Hour Unlimited Mimosa and Bloody Mary Bar*

### *Menu:*

- French Toast with Banana's or Cream Cheese
- *Scrambled Eggs*
- *Sausage or Bacon*
- *Herb Roasted Potatoes*
- *Assortment of Bagels with Cream Cheese*
- *Fruit Cocktail*
- *Mini Quiche*
- *Crab Cakes*

### *Additional items available:*

- *Omelet Station with attendant*
- *Crepe Station with attendant*

*Additional Items: $4.95 per person plus 6% tax and 20% Service Fee*
*Attendant fee $150.00 per station plus 6% tax and 20% Service Fee*







## BREAKFAST SPECIALS
## OUTSIDE CAFÉ, BEHIND FRONT LOBBY

CHOICE OF BACON HAM SAUSAGE
TWO EGGS-HOME FRIES AND TOAST...$5.95

TWO BUTTERMILK PANCAKES
WITH CHOICE OF BACON-HAM AND SAUSAGE... $5.95

HAM AND CHEESE OMELET
SERVED WITH HOME FRIES AND TOAST... $6.95

BREAKFAST SANDWICH ON A TOASTED BAGEL OR
ENGLISH MUFFIN WITH SCRAMBLED EGGS AND
A CHOICE OF BACON, HAM OR SAUSAGE... $4.95

FREE REFILLS ON COFFEE INCLUDED

EVERY DAY FROM 7:00AM-11:00AM
WE ALSO OFFER AN EXTENSIVE BREAKFAST MENU
JOIN US OUTSIDE FOR A
BEACH BREAKFAST!!!

LOCATED BEHIND THE OCEAN MANOR RESORT
4040 GALT OCEAN DRIVE | FT LAUDERDALE 33308



Hosted by Dervin

$5 cover starting at 11pm

TOKYOBLUE
THE NAME ON EVERYONE'S LIPS





Thursdays

$100 Bottles of Croc & Patron

$3 Coors Light, Miller Light, Corona Light,
Corona Extra

complimentary open bar well drinks only
10pm-11pm



## LET FREEDOM RING

You are cordially invited
Fort Lauderdale's Ultimate Penthouse Party

**FRIDAY JULY 1ST 2011**
**7PM-4AM**
**DRINK SPECIALS ALL NIGHT LONG**

Hosted By
DJ NISHA SAMSON
VJ SMILEY

TOKYO BLUE DINNER RESERVATIONS • 954-567-2500
STAY AT THE OCEAN MANOR FOR STAY THE NIGHT

$50 GIFT CERTIFICATE FOR TOKYO BLUE & ONE FREE DRINK
STAY AT THE OCEAN MANOR RESORT

4040 GALT OCEAN DRIVE • FORT LAUDERDALE, FL



DRCRACKEDUP PRESENTS...
# SATURDAY, MARCH 30
## HIP HOP & COMEDY NIGHT
### 10:00PM   $5 COVER

HOSTED BY:
DRCRACKEDUP

HOSTED BY:

DWAYNE ROBINSON
ANTOINE BLACKMAN
BRUNO MASTRODICASA
PEPE TOILET

DRCRACKEDUP      TOKYOBLUE
4040 GALT OCEAN DRIVE | FORT LAUDERDALE, FL 33308
WWW.TOKYOBLUEONTHEBEACH.COM | 954-566-2122



Ocean Manor Presents:

2014 CALENDAR SHOOT
May 2 - 6 2013
Fort Lauderdale, FL
12 Models
4 Photographers
1 Videographer

For More Information Call: 049-394-0484
or email info@teasepm.com

Khloe Terae    Kimmi Kiss
CJ Sparxx    Melissa Anne



TOKYO

Live Band

Studio
54

70's Tribute Band

NO COVER

TOKYO BLUE (OCEAN MANOR RESORT)
4040 GALT OCEAN DR., FT LAUDERDALE FL 33308











Located Behind the Ocean Manor Resort Hotel
4040 Galt Ocean Drive | Ft Lauderdale 33308



































# COMPOSITE

# EXHIBIT C

Letters to Francesco Talerico re:

Compliance with Settlement

Agreement



2962 Trivium Circle, Suite 201
Dania Beach, Florida 33312
Phone: 954.745.0899
Fax: 866.230.3340
admin@BlueCrestManagement.com

December 19, 2012

Ocean Manor Hotel and Resort
C/O Frank Talerico, President
4040 Galt Ocean Drive
Fort Lauderdale, Fl. 33308

### Re:  Compliance with Court Ordered Stipulation

Dear Mr. Talerico,

Due to many complaints by unit owners, it has come to our attention that you have taken over the common area in front of the seawall with tables and chairs for your Tiki Bar service.

The Settlement Agreement dated August of 2011 stipulates the following: page 3 (h) Commercial activity at the Galt Ocean Manor (4040 Galt Ocean Drive Fort Lauderdale Fl. 33308) shall be conducted in accordance with the Condominium Documents. Therefore, by placing tables and chairs in the common area you are in violation of the Condominium Documents.

The tables and chairs placed in front of the sea wall is an infringement on the property owned by the Association. They must be removed immediately and placed in their proper designated area.

This letter serves as your **first and final warning**.

Please govern yourself accordingly.

Sincerely,


Jessica Mahadeo, LCAM
Blue Crest Management, LLC


Cc:  Galt Ocean Manor Condo Association



John George <jrgeorge11@gmail.com>

## Talerico
1 message

Jessica Mahadeo <jessica@bluecrestmanagement.com>
To: John George <jrgeorge11@gmail.com>

Wed, Dec 19, 2012 at 1:33 PM

Hi Rick,

The attached was mailed to Talerico.

Regards,

Jessica Mahadeo, LCAM

Office: 954-745-0899

Fax    : 866-230-3340



Talerico Violaton.doc
63K

OCEAN MANOR CONDO ASSOCIATION
4040 GALT OCEAN DRIVE
FT. LAUDERDALE, FL. 33308
OFF: 954-568-0507
FAX: 954-561-9370
Email: jrgeorge11@gmail.com

November 21, 2013

Frank Talerico
Ocean Manor Hotel
And Resort
4040 Galt Ocean Drive
Fort Lauderdale, Fl. 33308

    Re:  Breach of the Settlement Agreement.

Dear Frank Talerico:

This letter is to inform you that Galt Ocean Manor Condo Association is in receipt of a Breach of Settlement Agreement from Lenny Koppelman and his attorney Joseph D. Garrity, Esq.

You are being noticed that action must be taken regarding the Settlement Agreement as mentioned in the (attached) letter from Joseph D. Garrity, Esq.

Please comply or come to an agreement with Mr. Koppelman.

Respectfully,

John R. George
CAM

Cc: Dave Coven
    Blue Crest Management
    Howie Shidlowski



1002 East Newport Center Drive
Suite 102
Deerfield Beach, FL 33442
954 570-6616      Fax: 954 570-6618

Joseph D. Garrity, Esq.
Marlon J. Weiss, Esq.
Christine Traina, Esq.
Joshua Rosenberg, Esq.

November 20, 2013

Galt Ocean Manor Condo. Association, Inc.
Board of Directors
c/o Rick George
via e-mail at jrgeorge11@gmail.com
4040 Galt Ocean Drive
Fort Lauderdale, Fl. 33308

Re:  Breach of the Settlement Agreement

Dear Board of Directors:

As you know, this firm litigated a case against the association and individual board members. We have recently filed a Motion to enforce the settlement agreement against the commercial unit owner and past president for infringing on the common elements of the condominium.

The picture to the right was recently taken of common area between the Tiki Hut Bar and the pool. The tables are being used by the commercial entity. This is one of the uses that the Board of Directors must stop. In addition, we have been informed that the penthouse is still being used as a commercial unit. That is in direct violation of the Condominium documents and therefore the settlement agreement the Board of Directors must stop any unauthorized commercial use of the property.



While we believe that the condominium and the Board have not authorized and do not condone the commercial uses beyond the condominium documents the Board still has an obligation to stop the illicit activities under the Condominium Documents and the settlement agreement.

WE DEMAND THAT THE BOARD TAKE ACTION TO STOP THE VIOLATIONS REGARDING COMMERCIAL ACTIVITY OR THE BOARD MEMBERS AND THE ASSOCIATION WILL BE ADDED TO THE MOTION TO ENFORCE THE SETTLEMENT AGREEMENT OR SEPARATE ACTIONS TO ENFORCE THE CONDOMINIUM DOCUMENTS.

KINDLY GOVERN YOURSELF ACCORDINGLY

Sincerely,

Joseph D. Garrity

Joseph D. Garrity, Esq.

# EXHIBIT D

Photographs of Nickelodeon
Event Wherein GOM
Residential Unit Owners were
Denied access to the Beach and
Pool Common Areas













# EXHIBIT E

## Additional Photographs of Violations of the Settlement Agreement:

- Unauthorized Barbecue pit;
- Commercial use violations of the deck common area including tables, chairs, and commercial guests blocking common area access to beach;
- Commercial use violations of the beach common area including night parties, weddings, and hot body contests

































# EXHIBIT F

## Photographs of the GOM Property Prior to Violations





