UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62175-BLOOM/Valle

LEONARD KOPPELMAN, and
KENNETH FRANK,

    Plaintiffs,

v.

GALT OCEAN MANOR CONDOMINIUM
ASSOCIATION, INC., et al.,

    Defendants.
_____/

## ORDER ON MOTION TO STAY DISCOVERY

**THIS CAUSE** is before the Court upon Defendants' Motion To Stay Discovery, ECF No. [29] (the "Motion").[1] Defendants move the Court to stay discovery until (1) the dispute as to Defendant Association's retention of counsel is resolved; (2) all Defendants in this action have been served; and/or (3) adjudication of a motion to dismiss that Defendants intend to file. *See id.* at 13. Plaintiffs oppose the Motion, and Defendants have filed a Reply. *See* ECF Nos. [30]-[31]. For the reasons set out below, the Court does not find a sufficient basis to warrant a stay of discovery.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause

---

[1] The Motion has been filed by Defendants Galt Ocean Manor Condominium Association, Inc. (the "Association"), Charles Caico, Francesco Talerico, Sara Richards, William Campbell, Barry Lipsitz, Central Atlantic Investments, LLC, the Talerico Family Limited Partnership, TFA Manor, LLC, AFT Management, Corp., Taff Management Corp., Tokyo Bleu, Inc., F.T. Rico, Inc., PBFT Realty LLC, Ann Marie Talerico, John George, and Anna Rita Talerico (collectively, "Defendants").

unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. FIa.1997) (citing *Kron Medical Corp. v. Groth*, 119 F.R.D. 636 (M.D.N.C. 1988)). "[D]iscovery stay motions 'are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory.'" *Montoya v. PNC Bank, N.A.*, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014) (quoting S.D. Fla. L. R.). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652 (citing *Howard v. Galesi*, 652 F.R.D. 348 (S.D.N.Y. 1985)).

The first basis on which Defendants move the Court to stay discovery is Plaintiffs' taking issue with the validity of Defendant Association's retention of counsel. Defendants specifically reference Plaintiffs' previous demand to Defendants that counsel for Defendant Association withdraw from its representation. ECF No. [29] at 3; *see also* ECF No. [29-A]. In Defendants' view, Plaintiffs cannot assert that Defendant Association has no authority to retain its chosen counsel – an issue that directly affects the right of Defendant Association to defend itself – yet at the same time be permitted to proceed with discovery for matters that pertain to Defendant Association. ECF No. [31] at 1-2. As such, Defendants request that discovery be stayed until either a motion to disqualify is filed and resolved or Plaintiffs withdraw their previous demand that counsel for Defendant Association withdraw. ECF No. [29] at 3-4 (citing *Holmes v. Adrian Art Deco Rivera Hotels & Rests., Inc.*, 2000 WL 682760, at *2 (S.D. Fla. Apr. 12, 2000); *Concerned Parents of Jordan Park v. Housing Auth. of City of St. Petersburg, Fla.*, 934 F. Supp. 406, 411 (M.D. Fla. 1996)).

The Court disagrees. To begin with, Defendants' citations to *Holmes* and *Concerned Parents* are of no moment as neither decision directly addressed, let alone granted, a motion to

stay discovery – as Defendants' Motion suggests they did. *See* ECF No. [29] at 3-4. At issue in the *Holmes* decision was a motion to disqualify, and the court, in granting the motion to disqualify, simply recounted that at an earlier hearing a motion to stay discovery pending resolution of the motion to disqualify had been granted. 2000 WL 682760, at *2. Similarly, in *Concerned Parents*, the court denied a motion to disqualify and in doing so lifted a discovery stay that had previously been imposed due to the pendency of the motion to disqualify. 934 F. Supp. at 411. In this case, there is no motion to disqualify pending before the Court, and Plaintiffs have not themselves indicated that such a motion will be filed.[2] Moreover, counsel for Defendant Association continues its representation – which the Court notes encompasses both the corporate and individual capacities of all but one of the directors of Defendant Association[3] – notwithstanding Plaintiffs' demand that such representation cease.

The second basis on which Defendants move for a stay of discovery is that some Defendants in this action have not yet been served.[4] Defendants argue that if discovery is permitted without the unserved Defendants, discovery will potentially have to be duplicated or, alternatively, the unserved Defendants will be deprived of the opportunity to participate in discovery. ECF No. [29] at 4. As Plaintiffs point out, however, the unserved Defendants are comprised of Defendant Barry Lipsitz in his individual capacity and four companies owned by him. ECF No. [30] at ¶ 5. Though not served in his individual capacity, Defendant Barry Lipsitz has been served in his corporate capacity as a director of Defendant Association. Based on this, Plaintiffs argue that the unserved Defendants will not suffer substantial harm from Plaintiffs' Request for Admissions and requests to schedule depositions as Defendant Barry

---

[2] In the event that a motion to disqualify is submitted, the Court will address it in due course.
[3] Defendant Barry Lipsitz is only represented in his corporate capacity as a director of Defendant Association.
[4] Specifically, the following Defendants have yet to be served: Ocean Manor 430, LLC; BL Lips, LLC; Ocean Manor Unit 203, LLC; Ocean Manor 1015, LLC; and Barry Lipsitz in his individual capacity.

Lipsitz has notice of such. *Id.* at ¶¶ 5, 18. Defendants do not address this argument. Under these circumstances, the Court does not find that Defendants have demonstrated that discovery would be unduly burdensome, much less made a "specific showing" of prejudice or difficulty that is required to impose a stay on discovery. *See Montoya*, 2014 WL 2807617 at *2 (conclusory statements regarding burdensome discovery could not support stay); *Ray v. Spirit Airlines*, Inc., 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012) (rejecting stay where defendant "ha[d] not identified in any specific and tangible way the unreasonable discovery burdens it will face absent a stay").

The third and final basis on which Defendants move for a stay of discovery is that they intend to file a motion to dismiss. Defendants argue that the Court should not allow any discovery until it has an opportunity to rule on Defendants' motion to dismiss and thus establish the scope of permissible discovery, if any. ECF No. [29] at 5. Defendants' argument relies upon *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), in which the Eleventh Circuit stated that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."

Defendants' reliance on *Chudasama* is misplaced. Unlike the exceptional circumstances presented in that case, where the district court did not rule on a motion to dismiss for over a year and a half, Defendants have yet to file a motion to dismiss. This fact essentially renders *Chudasama* inapposite; without a motion to dismiss before it, there is nothing for the Court to take a "preliminary peek" at in order to determine if this case presents the kind of "especially dubious" claim faced by the *Chudasama* court such that dismissal will avoid needless and extensive discovery. *See Ray*, 2012 WL 5471793, at *2. Defendants present "a summary of at

least *some* dispositive grounds for dismissal of all or some of Plaintiffs' claims" in their Motion, ECF No. [29] at 6 (emphasis in the original). However, such a summary, without the benefit of full briefing, falls well short of putting the Court in a position to determine that a motion to dismiss by the Defendants will be both granted and case dispositive. *See Miller's Ale House, Inc. v. DCCM Rest. Group, LLC*, 2015 WL 6123984, at *2 (M.D. Fla. Oct. 16, 2015) (distinguishing *Chudasama* on the ground, among others, that defendant's motion to dismiss had yet to be fully briefed, and noting that plaintiff would likely be given leave to amend even if defendant's motion to dismiss was to be granted); *Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) ("[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case."). The Court will address any motion to dismiss filed by Defendants in due course, but for now, discovery may proceed.

In sum, Defendants have not demonstrated good cause, the prejudice they will suffer, or anything exceptional about this case to warrant a stay of discovery. It is therefore

**ORDERED AND ADJUDGED** that Defendants' Motion to Stay Discovery, **ECF No. [29]**, is **DENIED**. The parties shall proceed with discovery, with all dates and deadlines remaining the same. Defendants shall serve its responses to Plaintiffs' Requests for Admissions and shall respond to Plaintiffs' request for dates to schedule the depositions of Defendants Charles Caico, Barry Lipsitz, and Francesco Talerico.

**DONE AND ORDERED** in Miami, Florida, this 16th day of November, 2016.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Case No. 16-cv-62175-BLOOM/Valle

Counsel of Record